IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL ACTION FILE |
| ) | |
| ALFREDO BETANCOURT-MUNOZ, ) | NUMBER 1:09-cr-25-TCB-JSA-7 |
| ) | |
| Defendant.   ) | |

# **O R D E R**

This case is before the Court on Defendant Alfredo Betancourt-Munoz's motion to vacate his sentence under 28 U.S.C. § 2255 [373, 439]. In 2011, Betancourt pled guilty to a single count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. The Court sentenced Betancourt to ninety-six months' imprisonment.

In March 2012, Betancourt filed a pro se § 2255 motion [373]. Betancourt asserted several grounds for relief, including one that his plea counsel was ineffective. Accordingly, Magistrate Judge Anand appointed new counsel for Betancourt, allowed his counsel to file a revised § 2255 motion [439], and conducted an evidentiary hearing. Magistrate Judge

Anand then issued a Report and Recommendation [478] that recommends denying the § 2255 motion with prejudice. Betancourt filed objections to the R&R [487].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate judge's findings of fact

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

---

are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

After conducting a careful, de novo review of the R&R and Betancourt's objections, the Court finds that Magistrate Judge Anand's recommendations should be accepted and Betancourt's objections should be overruled.

Betancourt claims he is entitled to relief under § 2255 on three grounds: first, that his guilty plea was not knowing and voluntary; second, that his plea counsel rendered ineffective assistance in connection with his plea and sentencing; and third, that his plea counsel rendered ineffective assistance for failing to appeal his sentence. As a remedy, Betancourt seeks an out-of-time appeal.

Betancourt first argues his plea was not knowing or voluntary. He claims he only pled guilty because he believed he would receive a thirty-six-month sentence. The Court sentenced him to ninety-six months. He now claims that had he known he would not receive a thirty-six-month sentence he would not have pled guilty. Betancourt's belief that he would receive a thirty-six-month sentence apparently stemmed from an email sent by the prosecuting attorney to Betancourt's plea counsel. The prosecuting attorney wrote that a co-defendant accepted an identical plea agreement and received a thirty-six-month sentence. She wrote that the

co-defendant's agreement was "exactly what [she] proposed for Mr. Betancourt." *See* [439] at 15. Betancourt claims the email "promised" him a thirty-six-month sentence, so his plea was knowing and voluntary only if he received that sentence. Because he received a ninety-six-month sentence, he argues his plea was not knowing and voluntary.

Betancourt's second argument is that his plea counsel rendered ineffective assistance because he failed to adequately inform him about the nature and consequences of his guilty plea and the attendant sentence.

Betancourt's statements at the plea colloquy foreclose both his first and second grounds for relief.

At the plea colloquy, Betancourt, through a court-appointed interpreter, stated each of the following: he entered the plea through his own free will, no one coerced him to enter the plea, no one promised him anything beyond what was in the plea agreement,[3] he reviewed the plea agreement with his counsel, he understood the plea agreement, he understood that he faced a maximum sentence of twenty years, he understood he could not withdraw his plea even if he received a longer sentence than the high end of his sentencing-guideline range, and he

---

[3] The plea agreement did not contain any reference to a thirty-six-month sentence or the email discussing a thirty-six-month sentence.

5

understood that the Court was not bound by any agreement between him and the government as to what sentence he should receive. *See* [388] at 1, 2, 6-7, 11-12.

Betancourt now claims many of those statements were untrue. He claims he did not understand the plea agreement. He claims his attorney did not discuss the plea agreement or adequately explain it to him. He claims he pled guilty only because he believed he would receive a thirty-six-month sentence. His current claims obviously contradict his statements at the plea colloquy. Betancourt explains these contradictions by saying he was promised a thirty-six-month sentence if he just "went along" with the plea colloquy. But his ex-post explanation, which Magistrate Judge Anand described as "vague at best," is in stark contrast with his sworn testimony at the plea colloquy. And there is a "strong presumption that statements made during a plea colloquy are true." *United States v. Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). A defendant must meet a high burden to show that his statements at a plea colloquy were false. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007). Betancourt has not met this burden.

His statements at the plea colloquy, which are imbued with a strong presumption of truth, foreclose any claim that his plea was unknowing or involuntary. *See United States v. Cardenas*, 230 F. App'x 933, 935 (11th Cir. 2007) (finding a defendant did not overcome the presumption that statements at a plea colloquy are true simply because he claimed his counsel promised him a shorter sentence, where he stated at the colloquy that he understood the court was not required to accept any sentence recommendation or agreement). Furthermore, Betancourt's counsel specifically warned him not to rely on the thirty-six-month estimate in the prosecutor's email. *See* [470] at 38-39, 46, 53. In any case, even if his counsel had estimated he would receive a thirty-six-month sentence, his plea would still have been knowing and voluntary under our circuit's precedent. *See United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam).

Betancourt's statements at the plea colloquy also foreclose his second claim, that his counsel was ineffective for failing to properly advise him about the nature and consequences of his plea. The Court's explanation of the maximum sentence Betancourt faced and its warning that it was not bound by any agreement eliminates any prejudice under *Strickland*'s

7

ineffective assistance test. *See Dickey v. United States*, 437 F. App'x 851, 851 (11th Cir. 2011) (per curiam) (finding no prejudice where the defendant's counsel erroneously advised him he faced a maximum of 135 years because the district court explained to the defendant that he faced a maximum term of life imprisonment).

Even ignoring his statements at the plea colloquy, Betancourt cannot show prejudice because no rational defendant would have rejected the plea agreement. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (holding that to meet the *Strickland* test in this context, a defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances"). Here, the government dismissed forty-one additional counts against Betancourt in exchange for his guilty plea. Furthermore, his guilty plea resulted in a three-level guideline reduction for acceptance of responsibility. Had he gone to trial, the government would have presented overwhelming evidence of guilt, *see* [388] at 8-11, and he likely would have been sentenced to a significantly longer term of imprisonment. A decision to reject the plea agreement would have been anything but rational, so Betancourt cannot show prejudice. *See United States v. Miranda-Alfaro*, 462 F. App'x 935, 937 (11th Cir. 2012) (finding no rational defendant would

have rejected a plea where the plea reduced his sentence by eight years' imprisonment).

Finally, Betancourt argues his plea counsel rendered ineffective assistance because he failed to consult with him about his right to appeal. He claims he wanted to instruct his counsel to file an appeal, but that he couldn't because he had no way to contact his attorney after sentencing. As a remedy, Betancourt requests an out-of-time appeal.

The Supreme Court and the Eleventh Circuit have laid out a step-by-step analysis for district courts analyzing claims of ineffective assistance of counsel for a failure to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005).

As an initial matter, an attorney's performance is *per se* deficient if he fails to appeal after his client asks him to do so. *Gomez-Diaz*, 433 F.3d at 791-92. In such a case, the first *Strickland* prong of deficient performance is automatically met. *Id.* at 791 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Then to meet the prejudice prong, the defendant need only show that he would have appealed but for his attorney's deficient performance. *Id.* Betancourt attempts to argue that his counsel's

performance was deficient *per se* by citing to various cases so holding, but those cases are inapposite. In those cases, the defendant *actually asked* his attorney to appeal. *See Flores-Ortega*, 528 U.S. at 477-86 (holding an attorney's assistance was ineffective where he disregarded a defendant's instructions to appeal); *see also Gomez-Diaz*, 433 F.3d at 793-94 (stating that if a defendant has not waived his right to appeal and asks his attorney to appeal but his attorney does not, he is entitled to an out-of-time appeal); *Garcia v. United States*, No. 1:08-cr-437-WSD-JFK-4, Dkt. No. 259 at 5 (unpublished), *report and recommendation adopted at* [259] ("Movant asserts that he instructed his attorney to pursue a timely appeal and claims that his attorney's failure to do so constitutes ineffective assistance of counsel entitling him to relief."). Betancourt does not allege that he ever asked his counsel to appeal, so his counsel's performance was not deficient *per se*.

But even if a defendant does not specifically ask his attorney to appeal, district courts must still ask whether the attorney "consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes." *Gomez-Diaz*, 433 F.3d at 792 (citing *Flores-Ortega*, 528 U.S. at 480). If the attorney

10

consulted the client, then the attorney has acted unreasonably only if he ignored the client's wishes to appeal.  *Id.*  If the attorney failed to consult the client, the attorney may have acted unreasonably if he had an affirmative duty to consult.  *Id.*

To follow this analytical framework, the Court must first determine whether Betancourt's attorney consulted with him about his right to appeal.  *See Flores-Ortega*, 528 U.S. at 479; *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007).  To adequately consult about a right to appeal, an attorney should inform his client about the right, explain the pros and cons of an appeal, and make a reasonable effort to determine whether the client wishes to pursue an appeal.  *Thompson*, 504 F.3d at 1206.

Betancourt testified that his attorney never explained his right to appeal.  But his attorney testified he met with Betancourt several times and discussed his right to appeal with him both before and after sentencing.  Before sentencing, Betancourt's attorney testified he explained to Betancourt that signing the appeal waiver would likely render any appeal unsuccessful because he would be waiving his right to appeal.  Betancourt's attorney also testified that after sentencing he asked Betancourt if he wanted to appeal and Betancourt said he did not.

Magistrate Judge Anand found the attorney's unequivocal testimony on the issue to be more credible than Betancourt's "vague recitation of [the] facts." *See Thompson*, 504 F.3d at 1206 (citing *Carr v. Schofield*, 364 F.3d 1246, 1264-65 (11th Cir. 2004) (holding that a reviewing court uses a clear error standard to review a determination of whether an attorney's testimony about his performance is credible)).  Accordingly, Magistrate Judge Anand found that Betancourt's attorney adequately consulted with him about his right to appeal.  The Court agrees.

Out of an abundance of caution, Magistrate Judge Anand continued with the second inquiry and asked whether, if the attorney's conduct was not an adequate consultation, the attorney had an affirmative duty to consult.  He found no affirmative duty, and the Court agrees again.

A defendant's attorney has a duty to consult about an appeal in two circumstances: if a rational defendant would want to appeal (an objective standard), or the defendant himself reasonably demonstrated an interest in appealing (a subjective standard).  *Flores-Ortega*, 528 U.S. at 480; *Thompson*, 504 F.3d at 1207; *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007).  Neither circumstance is present here.  The objective standard was not met because no rational defendant would want to appeal:

Betancourt signed an appeal waiver and his sentence was, considering the circumstances, relatively low. His ninety-six-month sentence was at the low end of the guideline range, it was less than the twenty-year statutory maximum, and it was less than he would have received had he been convicted by a jury on the forty-one counts dismissed as part of the plea agreement. And the subjective standard was also not met: Betancourt himself never told his counsel that he wanted to appeal. In sum, Betancourt's counsel was not ineffective for failing to appeal.

For the reasons set forth above, the Court OVERRULES Betancourt's objections [487], ADOPTS AS ITS ORDER the Final Report and Recommendation [478], and DENIES Betancourt's § 2255 motions to vacate [373, 439]. A Certificate of Appealability is DENIED.

IT IS SO ORDERED this 12th day of November, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge